Joshua Michael UPTON, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 52A02–0812–CR–1112.

Court of Appeals of Indiana.

April 23, 2009.

Transfer Denied June 16, 2009.

Patricia Caress McMath, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, J.T. Whitehead, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BROWN, Judge.

Joshua Michael Upton appeals his sentences for two counts of child molesting as class A felonies[1] and three counts of child molesting as class B felonies.[2] Upton raises five issues, which we consolidate and restate as:

I. Whether the trial court abused its discretion in sentencing him;

II. Whether Upton's sentence is inappropriate in light of the nature of the offense and the character of the offender; and

III. Whether the trial court's application of the 2008 credit restricted felons statute violated the constitutional prohibition against ex post facto laws.

We affirm in part, reverse in part, and remand.

The relevant facts follow. On December 14, 2007, the State charged Upton with ten counts of child molesting as class A felonies under Cause No. 52D01–0712–FA–234 ("Cause No. 234"). Counts 1 through 5 alleged that, between June 1, 2007 and December 11, 2007, Upton placed his mouth on the penis of six-year-old J.W. Counts 6 through 10 alleged that, between June 1, 2007 and December 11, 2007, Upton placed his mouth on the penis of six-year-old M.W. Upton admitted to police that he had placed his mouth on each boy's penis five to ten times while he babysat them. Upton also admitted to molesting several other boys. As a result of Upton's confession, the State also charged him under Cause No. 52D01–0806–FA–127 ("Cause No. 127"), Cause No. 52D01–0806–FA–128 ("Cause No. 128"), and Cause No. 52D01–0806–FA–129 ("Cause No. 129").

In Cause No. 127, the State charged Upton with one count of child molesting as a class A felony for allegedly placing his mouth on the penis of J.L.W. between January 2003 and December 2004, when J.L.W. was five or six years old. This charge was later amended to allege that the offense occurred between March 6, 2003 and March 6, 2005, when J.L.W. was between six and eight years old.

In Cause No. 128, the State charged Upton with one count of child molesting as a class A felony and two counts of sexual misconduct with a minor as class B felonies. The State alleged that Upton had oral sex with N.B., between March 29, 2004 and March 29, 2005, when N.B. was thirteen years old, that Upton had oral sex with N.B., between March 29, 2005 and March 28, 2007, when N.B. was at least fourteen years old but less than sixteen years old, and that Upton submitted to anal sex with N.B., between March 29, 2005 and March 28, 2007, when N.B. was at least fourteen years old but less than sixteen years old.

In Cause No. 129, the State charged Upton with child molesting as a class A felony for performing oral sex on D.H., between January 2006 and December 2006, when D.H. was three years old.

1. Ind.Code § 35–42–4–3(a).

2. Ind.Code § 35–42–4–3(a).

The four causes were consolidated, and Upton pled guilty to the following: (1) two counts of child molesting as class A felonies in Cause No. 234 for the offenses related to J.W. and M.W.; (2) child molesting as a class B felony in Cause No. 127 for the offense related to J.L.W.; (3) child molesting as a class B felony in Cause No. 128 for the offense related to N.B.; and (4) child molesting as a class B felony in Cause No. 129 for the offense related to D.H.

At the sentencing hearing, the State argued that Upton's position of trust was an aggravating factor and his cooperation and guilty plea were mitigators. The State encouraged the trial court to sentence Upton to the presumptive sentences. However, the State requested consecutive sentencing for each of the convictions so that "the Defendant have some responsibility and consequences for each victim." Transcript at 70. The State emphasized that there were "five ... children that have been affected by [Upton's] acts and to not run the cases consecutive on each child would minimize and would not be appropriate." *Id.*

The trial court found that Upton's position of trust was an aggravator and that his cooperation with the police and guilty plea were mitigators. The trial court then sentenced Upton to the advisory sentence on each of the convictions. The trial court stated:

> The issue then becomes ... do you run these sentences concurrently or consecutively? At this point in time the position of trust issue does become a factor but also emphasize the fact that these are crimes against persons and I think if we were to run these charges concurrently it would be to minimize the significance of the horrendous acts perpetrated by Mr. Upton on these children.

*Id.* at 75. The trial court ordered each of the sentences to be served consecutively for an aggregate sentence of ninety years in the Indiana Department of Correction. The trial court also ordered, over Upton's objection, that Upton would receive class IV presentencing credit time pursuant to the newly enacted credit restricted felon statute.

## I.

The first issue is whether the trial court abused its discretion in sentencing Upton. Upton correctly points out that some of his offenses occurred prior to the April 25, 2005 revisions to the sentencing statutes, but some of his offenses were committed after the revisions to the sentencing statutes. The Indiana Supreme Court has held that we apply the sentencing scheme in effect at the time of the defendant's offense. *See Robertson v. State,* 871 N.E.2d 280, 286 (Ind.2007) ("Although Robertson was sentenced after the amendments to Indiana's sentencing scheme, his offense occurred before the amendments were effective so the pre-*Blakely* sentencing scheme applies to Robertson's sentence."); *Gutermuth v. State,* 868 N.E.2d 427, 432 n. 4 (Ind.2007). Consequently, the pre-April 25, 2005 presumptive sentencing scheme applies to Upton's convictions under Cause No. 127 and Cause No. 128, while the post-April 25, 2005 advisory sentencing scheme applies to Upton's conviction under Cause No. 234 and Cause No. 129.

Under the pre-April 25, 2005 sentencing statutes, sentencing decisions rest within the discretion of the trial court and are reviewed on appeal only for an abuse of discretion. *Smallwood v. State,* 773 N.E.2d 259, 263 (Ind.2002). An abuse of discretion occurs if "the decision is clearly against the logic and effect of the facts and circumstances." *Pierce v. State,* 705 N.E.2d 173, 175 (Ind.1998).

Under the post-April 25, 2005 sentencing statute revisions, the Indiana Supreme Court has held that "the trial court must enter a statement including reasonably detailed reasons or circumstances for imposing a particular sentence." *Anglemyer v. State,* 868 N.E.2d 482, 490 (Ind.2007), clarified on reh'g, 875 N.E.2d 218 (Ind.2007). We review the sentence for an abuse of discretion. *Id.* An abuse of discretion occurs if "the decision is clearly against the logic and effect of the facts and circumstances." *Id.*

 Under both sentencing schemes, Upton argues that the trial court abused its discretion by imposing consecutive sentences. According to Upton, the position of trust aggravator could not be used to impose the presumptive/advisory sentences and also to impose consecutive sentences. Appellant's Brief at 6; Appellant's Reply Brief at 1 (citing *Wentz v. State,* 766 N.E.2d 351, 359 (Ind.2002) (holding that where the trial court finds the mitigating and aggravating factors in balance, "there is no basis on which to impose consecutive terms"), *reh'g denied*). However, "[e]ven if a trial court has stated that aggravators and mitigators are in equipoise but then considers an additional freestanding aggravating factor to impose consecutive sentences, the initial finding of balance does not serve to invalidate the consecutive nature of the sentences." *Lopez v. State,* 869 N.E.2d 1254, 1259 (Ind.Ct.App.2007), *trans. denied.* In addition to the position of trust aggravator, the trial court considered an additional freestanding aggravator.

Upton argues that the remaining aggravator used by the trial court to impose consecutive sentences was improper. At the sentencing hearing, the State requested consecutive sentencing for each of the convictions so that "the Defendant have some responsibility and consequences for each victim." Transcript at 70. The State emphasized that there were "five ... children that have been affected by [Upton's] acts and to not run the cases consecutive on each child would minimize and would not be appropriate." *Id.* Shortly thereafter, when imposing consecutive sentences, the trial court stated:

> The issue then becomes ... do you run these sentences concurrently or consecutively? At this point in time the position of trust issue does become a factor but also emphasize the fact that these are crimes against persons and I think if we were to run these charges concurrently it would be to minimize the significance of the horrendous acts perpetrated by Mr. Upton on these children.

*Id.* at 75.

Upton argues that the remaining aggravator was a finding that concurrent sentences would depreciate the seriousness of the offenses. We disagree with Upton's analysis of the trial court's statement. While perhaps not articulately expressed, we read the trial court's statement, especially when viewed with the State's recommendations in mind, to mean that the remaining aggravator was the fact that Upton had molested multiple victims. The Indiana Supreme Court has held that "when the perpetrator commits the same offense against two victims, enhanced and consecutive sentences seem necessary to vindicate the fact that there were separate harms and separate acts against more than one person." *Serino v. State,* 798 N.E.2d 852, 857 (Ind.2003). We conclude that the trial court properly considered the fact that Upton had molested multiple victims as an aggravator in ordering consecutive sentences. *See, e.g., Lopez,* 869 N.E.2d at 1258–1259 (holding that the trial court properly considered the fact that Lopez killed two children in imposing consecutive sentences even

though the trial court had imposed advisory sentences).

## II.

■ The next issue is whether Upton's ninety-year sentence is inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B) provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind.2006).

Our review of the nature of the offense reveals that Upton molested five boys, whose ages ranged from three years old to thirteen years old. Upton was a babysitter for some of the boys. In his confession to the police, which was admitted into evidence at the sentencing hearing, Upton admitted that he is attracted to boys from age five or six to age thirteen or fourteen. Upton admitted to molesting several other boys in another county and informed a psychiatrist that he had been sexually active with ten or more young men or boys. Upton also admitted to giving drugs to N.B.

Our review of the character of the offender reveals that twenty-six-year-old Upton has a minimal criminal history consisting of a misdemeanor conviction for reckless driving. However, Upton admitted to daily marijuana use. Upton was himself molested as a child, and he has been diagnosed as a pedophile. When confronted with the allegations regarding J.W. and M.W., Upton readily confessed to the offenses against J.W. and M.W. and told the police of the offenses against the other boys. Here, Upton was charged with fifteen counts and pled guilty to five counts of child molesting, one for each child. Upton expressed remorse for his actions and his desire to get treatment, but also stated that he had "no ill feelings about any of the victims," a statement not indicative of acceptance of blame. Appellant's Appendix at 266.

Upton received consecutive but advisory/presumptive sentences for his convictions, which were the sentences recommended by the probation department. Given the multiple children molested here and after due consideration of the trial court's decision, we cannot say that Upton's ninety-year sentence is inappropriate in light of the nature of the offense and the character of the offender. *See, e.g., Serino v. State*, 798 N.E.2d 852, 857 (Ind.2003) (noting that "when the perpetrator commits the same offense against two victims, enhanced and consecutive sentences seem necessary to vindicate the fact that there were separate harms and separate acts against more than one person").

## III.

■ The final issue is whether the trial court's application of the 2008 credit restricted felons statute violated the constitutional prohibition of ex post facto laws. The trial court applied the newly enacted credit restricted felon statute to Upton's credit time. The credit restricted felon statute was enacted through Pub.L. 80–2008, Sec. 6, which was effective on July 1, 2008 and applied "only to persons convicted after June 30, 2008." The statute defined "credit restricted felon" as:

[A] person who has been convicted of at least one (1) of the following offenses:

(1) Child molesting involving sexual intercourse or deviate sexual conduct (IC 35–42–4–3(a)), if:

(A) the offense is committed by a person at least twenty-one (21) years of age; and

(B) the victim is less than twelve (12) years of age.

(2) Child molesting (IC 35–42–4–3) resulting in serious bodily injury or death.

(3) Murder (IC 35–42–1–1), if:

(A) the person killed the victim while committing or attempting to commit child molesting (IC 35–42–4–3);

(B) the victim was the victim of a sex crime under IC 35–42–4 for which the person was convicted; or

(C) the victim of the murder was listed by the state or known by the person to be a witness against the person in a prosecution for a sex crime under IC 35–42–4 and the person committed the murder with the intent to prevent the person from testifying.

Ind.Code § 35–41–1–5.5. "A person who is a credit restricted felon and who is imprisoned for a crime or imprisoned awaiting trial or sentencing is initially assigned to Class IV. A credit restricted felon may not be assigned to Class I or Class II." Ind. Code § 35–50–6–4(b). Ind.Code § 35–50–6–3(d) provides that: "A person assigned to Class IV earns one (1) day of credit time for every six (6) days the person is imprisoned for a crime or confined awaiting trial or sentencing."

■ Upton argues that application of the credit restricted felon statutes to him violated the constitutional prohibition of ex post facto laws.[3] Both the United States Constitution and the Indiana Constitution prohibit ex post facto laws. *Paul v. State,* 888 N.E.2d 818, 825–826 (Ind.Ct.App.2008) (citing *Goldsberry v. State,* 821 N.E.2d 447, 464 (Ind.Ct.App.2005); U.S. Const. Art. I, § 10; and Ind. Const. Art. 1, § 24), *trans. denied.* "The analysis is the same under both." *Id.* "To fall within the ex post facto prohibition, a law must be retrospective—that is, 'it must apply to events occurring before its enactment'—and it 'must disadvantage the offender affected by it.'" *Id.* (quoting *Lynce v. Mathis,* 519 U.S. 433, 441, 117 S.Ct. 891, 137 L.Ed.2d 63, (1997)).

Upton argues that, at the time he committed his offenses, he was eligible for Class I credit time, which would have allowed him to receive one day of credit time for each day he was confined awaiting sentencing, or Class II credit time, which would have allowed him to receive one day of credit time for every two days he was confined awaiting sentencing. Ind.Code § 35–50–6–3. However, under the credit restricted felon statute, he is only entitled to one day of credit for every six days confined awaiting sentencing. We addressed a similar argument in the context of educational credit time in *Paul,* 888 N.E.2d at 827, where we held:

When Paul committed the offense, the law provided that he could earn one year of educational credit for an associate's degree—with no limitation as to the number of such degrees except for the statutory maximum for educational credit time. After the law and DOC policy changed to limit his earning of credit to a single associate's degree, it reduced the educational credit time available to him for pursuing more than one associate's degree—by limiting him to credit for a single associate's degree. "[T]his reduction in [educational credit time] ac-

**3.** Upton also urges that the credit restricted felon statute did not apply to his conviction in Cause No. 128 because the victim was over the age of twelve. We need not address this argument because we conclude that the trial court erred by applying the credit restricted felon statute to Upton.

cumulation lengthen[ed] the period that [Paul] must spend in prison," constricted his "opportunity to earn early release," and "made more onerous the punishment" for the aggravated battery he committed "before enactment" of the new law and policy. *Weaver [v. Graham,* 450 U.S. 24, 35–36, 101 S.Ct. 960, 968, 67 L.Ed.2d 17 (1981)]. Inasmuch as at the time Paul committed the offense, the statute allowed him to earn more than one associate's degree and earn one year's credit for each degree, the application of the new statutory provision and DOC's policy to deny him credit for both degrees is a violation of his constitutional protections against ex post facto laws.

888 N.E.2d at 827. Based upon *Paul* and *Weaver,* the State concedes that Upton is correct, and the application of the credit restricted felon statute to him is an ex post facto violation. Appellee's Brief at 15. Consequently, we reverse the trial court's determination of Upton's credit time classification and remand for proceedings consistent with this opinion. *See, e.g., Paul,* 888 N.E.2d at 827.

For the foregoing reasons, we affirm Upton's sentence for two counts of child molesting as class A felonies and three counts of child molesting as class B felonies, but we reverse the trial court's credit time classification of Upton and remand for proceedings consistent with this opinion.

Affirmed in part, reversed in part, and remanded.

CRONE, J. and BRADFORD, J. concur.