**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**JOEL C. WIENEKE**
Greencastle, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**J.T. WHITEHEAD**
Deputy Attorney General
Indianapolis, Indiana

FILED
Jan 26 2012, 9:19 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

JONATHAN PAUGH,                      )
                                     )
    Appellant-Defendant,         )
                                     )
      vs.                     )  No. 67A01-1107-CR-298
                                     )
STATE OF INDIANA,                    )
                                     )
    Appellee-Plaintiff.          )

APPEAL FROM THE PUTNAM CIRCUIT COURT
The Honorable Matthew L. Headley, Judge
Cause No. 67C01-1008-FA-159

**January 26, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

In 2010, Jonathan Paugh was charged with multiple counts of child molesting and other related offenses based on acts he committed in 2003. In 2011, he pled guilty via a plea agreement. At sentencing, the trial court sua sponte found Paugh to be a credit restricted felon ("CRF") pursuant to an Indiana law enacted in July 2008.

Paugh now appeals, challenging the trial court's retroactive application of the CRF statute to his 2003 offenses. Because the CRF statute does not apply to offenses committed before July 1, 2008, we find that the trial court violated Paugh's constitutional protection against ex post facto laws and therefore reverse his CRF designation.

**Facts and Procedural History**

On August 31, 2010, the State charged Paugh with eight counts of child molesting and related offenses. The charges involved acts that Paugh committed against his two sons in 2003. On February 24, 2011, Paugh pled guilty to seven counts via plea agreement.[1] The plea agreement provided for a sentence of thirty-five years executed and five years suspended. At sentencing, the trial court sua sponte designated Paugh a CRF. On May 4, 2011, Paugh filed a motion to correct error, challenging the CRF designation. On June 22, 2011, the trial court denied his motion. Paugh now appeals.

**Discussion and Decision**

Paugh asserts, and the State concedes, that the trial court violated his constitutional

---

[1] The charges to which Paugh pled guilty include: two counts of class A felony child molesting; one count of class B felony incest; two counts of class C felony vicarious sexual gratification; one count of class D felony dissemination of matter harmful to minors; and one count of class A misdemeanor contributing to the delinquency of a minor.

2

protection against ex post facto laws by finding him to be a CRF.  Both the United States

Constitution and the Indiana Constitution prohibit ex post facto laws.  U.S. CONST. art. I, §

10; IND. CONST. art. 1, § 24.  Our analysis is the same under both.  *Upton v. State*, 904

N.E.2d 700, 705 (Ind. Ct. App. 2009), *trans. denied*.  "To fall within the ex post facto

prohibition, a law must be retrospective—that is, 'it must apply to events occurring before its

enactment'—and it 'must disadvantage the offender affected by it.'"  *Id*. (citation and

quotation marks omitted).

In 2008, the Indiana General Assembly enacted a statute that limited the amount of

good time credit that could be earned by defendants convicted of certain crimes.  The statute

provides, in pertinent part, that a person age twenty-one or over who is convicted of child

molesting involving sexual intercourse or deviate sexual conduct against a victim under the

age of twelve is classified as a CRF.  Ind. Code § 35-41-1-5.5(1).  According to Indiana Code

Section 35-50-6-3(d), a CRF "earns one (1) day of credit time for every six (6) days the

person is imprisoned for a crime or confined awaiting trial or sentencing."  In contrast, the

statute in effect in 2003, when Paugh committed his offenses, afforded him one day of good

time credit for each day served.  Ind. Code § 35-50-6-3(a) (1977).  Thus, application of the

CRF statute would disadvantage Paugh's good time credit by limiting his maximum earned

credit from one day for every one day served to one day for every six days served.  *See*

*Upton*, 904 N.E.2d at 706 (finding ex post facto violation in trial court's application of CRF

3

statute to defendant whose offenses pre-dated statute's July 1, 2008 effective date).[2]  Based on the foregoing, we conclude that the trial court violated Paugh's constitutional protection against ex post facto laws in designating him a CRF.  Accordingly, we reverse the trial court's CRF designation.

Reversed.

MAY, J., and BROWN, J., concur.

---

[2] Paugh also contends that the trial court improperly relied on dates listed in the probable cause affidavit in designating him a CRF and that, therefore, the evidence is insufficient to classify him as a CRF. However, because we hold that the trial court violated Paugh's constitutional protection against ex post facto laws by classifying him as a CRF, we need not address his sufficiency argument.  *Upton*, 904 N.E.2d at 705 n.3.  More specifically, we decline his invitation to invoke the "public importance" exception to the mootness doctrine.