Pursuant to Ind. Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before
any court except for the purpose of
establishing the defense of res judicata,
collateral estoppel, or the law of the case.



FILED

Dec 05 2012, 8:55 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MARIELENA DUERRING**
Duerring Law Offices
South Bend, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MAHAMAT OUTMAN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 20A03-1204-CR-197 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ELKHART SUPERIOR COURT
The Honorable George W. Biddlecome, Judge
Cause No. 20D03-1003-FA-11

**December 5, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

Appellant-Defendant Mahamat Outman was convicted of three counts of Class A felony child molesting and one count of Class C felony child molesting. With respect to Count III, one of the Class A felony child molesting counts, Outman was determined to be a credit restricted felon subject to Class IV credit time. On appeal, Outman claims that the trial court erred in labeling him a credit restricted felon because application of the credit restricted felon statute to his underlying criminal acts violated constitutional prohibitions of ex post facto laws. Concluding that the application of the credit restricted felon statute to Outman's conviction for Class A felony child molesting as alleged in Count III was not an ex post facto violation, we affirm.

## FACTS AND PROCEDURAL HISTORY

T.T. was eight years old when her mother married Outman. During the course of her mother's marriage to Outman, T.T. and her mother lived in an apartment with Outman in Elkhart County. T.T. liked her step-father because he was nice to her and "bought [her] everything [she] wanted." Tr. p. 199.

Beginning in 2006 and continuing until the spring of 2008, Outman, on numerous occasions, rubbed T.T.'s "boobs" and touched her "private parts." Tr. p. 204. Outman pulled down T.T.'s pants, placed his hand under T.T.'s underwear and rubbed his hand in circles around the part of her body "where [she] pee[d] from." Tr. p. 204. Outman told T.T. not to tell her mother because he "would get in trouble and … would have a lot of time." Tr. p. 206. Beginning in the summer of 2008, Outman, again on numerous occasions, took off his pants, placed his hands on T.T.'s head, and put his penis in T.T.'s mouth.

2

Outman also performed sexual intercourse on T.T. on numerous occasions during the fall of 2008. T.T. testified that Outman performed sexual intercourse on her by placing his penis inside her "private part" and "mov[ing] back and forth." Tr. p. 209. T.T. specifically testified that Outman performed sexual intercourse on her on numerous occasions during September, October, and November of 2008. Outman continued to sexually molest T.T. until late 2008 or early 2009. T.T. informed her mother about the molestation following an incident in February of 2010, where Outman put his hand on T.T.'s bottom and squeezed it. T.T.'s mother then contacted the police.

On March 11, 2010, the State charged Outman with four counts of Class A felony child molesting and one count of Class C felony child molesting. The State subsequently sought and was granted permission to amend the charging information to include three counts of Class A felony child molesting[1] and one count of Class C felony child molesting.[2] Following trial, the jury found Outman guilty as charged. On April 5, 2012, the trial court sentenced Outman to concurrent forty-year executed sentences with respect to each of the Class A felony convictions and six years for the Class C felony conviction. The trial court ordered that the sentence relating to the Class C felony conviction run consecutive to the sentences imposed on the Class A felony convictions. The trial court further found that, because the acts alleged in Count III demonstrated that Outman's actions occurred after July 1, 2008, Outman qualified as a credit restricted felon with respect to Count III.

---

[1] Ind. Code § 35-42-4-3(a)(1) (2007).
[2] Ind. Code § 35-42-4-3(b) (2007).

**DISCUSSION AND DECISION**

Initially we note that Outman only challenges the trial court's determination that he, with respect to Count III, qualified as a credit restricted felon. Outman contends that the trial court erred in applying the credit restricted felon statute, which became effective on July 1, 2008, to his credit time because application of the statute violated the constitutional prohibition of ex post facto laws.

> Both the United States Constitution and the Indiana Constitution prohibit ex post facto laws. *Paul v. State*, 888 N.E.2d 818, 825-826 (Ind. Ct. App. 2008) (citing *Goldsberry v. State*, 821 N.E.2d 447, 464 (Ind. Ct. App. 2005); U.S. Const. Art. I, § 10; and Ind. Const. Art. 1, § 24), *trans. denied.* "The analysis is the same under both." *Id.* "To fall within the ex post facto prohibition, a law must be retrospective–that is, 'it must apply to events occurring before its enactment'–and it 'must disadvantage the offender affected by it.'" *Id.* (quoting *Lynce v. Mathis*, 519 U.S. 433, 441, 117 S. Ct. 891, 137 L.Ed.2d 63, (1997)).

*Upton v. State*, 904 N.E.2d 700, 705 (Ind. Ct. App. 2009).

"The credit restricted felon statute was enacted through Pub. L. 80-2008, Sec. 6, which was effective on July 1, 2008 and applied 'only to persons convicted after June 30, 2008." *Id.* at 704. The statute, in relevant part, defined "credit restricted felon" as:

> [A] person who has been convicted of at least one (1) of the following offenses:
> > (1) Child molesting involving sexual intercourse or deviate sexual conduct (IC 35-42-4-3(a)), if:
> > (A) the offense is committed by a person at least twenty-one (21) years of age; and
> > (B) the victim is less than twelve (12) years of age.

Ind. Code § 35-41-1-5.5.

> "A person who is a credit restricted felon and who is imprisoned for a crime or imprisoned awaiting trial or sentencing is initially assigned to Class IV. A

4

credit restricted felon may not be assigned to Class I or Class II." Ind. Code § 35-50-6-4(b). Ind. Code § 35-50-6-3(d) provides that: "A person assigned to Class IV earns one (1) day of credit time for every six (6) days the person is imprisoned for a crime or confined awaiting trial or sentencing."

*Upton*, 904 N.E.2d at 705.

In the instant matter, it is undisputed that Outman was at least twenty-one years old and that T.T. was less than twelve years old during the fall of 2008. On appeal, Outman claims merely that the State failed to prove that the acts in question occurred after the credit restricted felon statute went into effect on July 1, 2008. There is no question that the application of the credit restricted felon statute to criminal acts that occurred before the enactment of the statute which disadvantages the affected offender would violate constitutional prohibitions of ex post facto laws. *See id.* (providing that application of the credit restricted felon statute to criminal acts which occurred before the statute's enactment is an ex post facto violation). However, despite Outman's claim to the contrary and unlike the facts presented in *Upton*, the record in the instant matter demonstrates that the trial court did not apply the credit restricted felon statute to criminal acts which occurred before the statute went into effect on July 1, 2008.

Again, the trial court only found that the credit restricted felon statute applied to Outman's conviction for Class A felony child molesting as alleged in Count III. The charging information relating to Count III alleged as follows:

> The undersigned affiant swears that during the Fall of 2008, at the County of Elkhart, State of Indiana, MAHAMAT A. OUTMAN, a person at least twenty-one (21) years of age; did knowingly perform sexual intercourse upon T.T., a child under fourteen (14) years of age, all of which is contrary to the form of I.C. § 35-42-4-3(a)(1); contrary to the form of the statute in such

5

cases made and provided; and, against the peace and dignity of the State of Indiana.

Appellant's App. p. 72. With respect to Count III, T.T. testified that Outman performed sexual intercourse on her during the fall of 2008. Specifically, T.T. testified that Outman performed sexual intercourse on her more than once during the months of September, October, and November of 2008. This evidence is sufficient to prove that Outman committed the acts in question after the credit restricted felon statute went into effect on July 1, 2008. As such, we affirm the trial court's determination that Outman qualified as a credit restricted felon with regard to Count III.

The judgment of the trial court is affirmed.

NAJAM, J., and FRIEDLANDER, J., concur.