# FOR PUBLICATION

APPELLANT PRO SE:

**GEORGE PATRICK**
New Castle, Indiana

ATTORNEYS FOR APPELLEES:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KYLE HUNTER**
Deputy Attorney General
Indianapolis, Indiana



FILED
Jun 18 2014, 9:40 am
CLERK
of the supreme court,
court of appeals and
tax court

## IN THE
## COURT OF APPEALS OF INDIANA

GEORGE PATRICK,                              )
                                            )
    Appellant-Petitioner,               )
                                            )
    vs.                                 )   No. 33A04-1311-MI-577
                                            )
KEITH BUTTS, Superintendent, STATE OF       )
INDIANA and INDIANA PAROLE BOARD,           )
                                            )
    Appellees-Respondents.              )

---

APPEAL FROM THE HENRY CIRCUIT COURT
The Honorable Kit C. Dean Crane, Judge
Cause No. 33C02-1309-MI-94

---

**June 18, 2014**

**OPINION - FOR PUBLICATION**

**MAY, Judge**

George Patrick argues an order he participate in the Sex Offender Management and Monitoring ("SOMM") program violated his constitutional right against self-incrimination[1] and Indiana's prohibition of *ex post facto* laws. He asserts the denial of his petition for writ of *habeas corpus* was therefore error.

We affirm.

## FACTS AND PROCEDURAL HISTORY

Patrick was found guilty in 1991 of two counts of Class B felony rape and two counts of Class C felony criminal confinement and was sentenced to thirty-two years. He was released to parole in 2007. His parole was apparently revoked, and he filed a Petition for Writ of State *Habeas Corpus* Relief. He asserted his parole was revoked "due to his involuntary termination [sic] SOMM participation as a result of his special sex offender stipulations as a condition of his parole." (App. at 3.) The trial court denied his petition.

## DISCUSSION AND DECISION

The order that Patrick participate in the SOMM program does not violate the *ex post facto* clause of the Indiana Constitution. Generally, the *ex post facto* clause prohibits the State from enacting a law that imposes a punishment for an act that was not punishable when it was committed or imposes additional punishment to that then prescribed. *Gomez v. State*, 907 N.E.2d 607, 610 (Ind. Ct. App. 2009), *trans. denied.* But these prohibitions do not give a criminal a right to be tried, in all respects, by the law in force when the crime charged was

---

[1] Our Supreme Court recently held participation in the SOMM program did not violate a defendant's right against self-incrimination. *Bleeke v. Lemmon*, 6 N.E.3d 907 (Ind. 2014). We therefore need not address that specific allegation of error.

committed. *Id.* The clause is not designed to limit legislative control of remedies and modes of procedure that do not affect matters of substance. *Id.* Although it may work to the disadvantage of a defendant, a procedural change is not *ex post facto*. *Id.* A statutory revision is procedural in nature for purposes of the *ex post facto* doctrine, and may be applied to crimes committed before the effective date, if it does not change the elements of a crime or enlarge its punishment. *Id.*

Patrick argues participation in the SOMM program is similar to the requirement to register as a sex offender, which cannot be imposed on persons convicted before the requirement was passed into law. *See*, *e.g.*, *Wallace v. State*, 905 N.E.2d 371, 384 (Ind. 2007), *reh'g denied*. *Wallace* does not control.

The Parole Board is allowed to impose conditions that are "reasonably related to the parolee's successful reintegration into the community," Ind. Code § 11-13-3-4-(b), and that subsection was in place when Patrick was convicted. Our Supreme Court has found that the SOMM program "is a valuable tool aimed at the legitimate purpose of rehabilitating sex offenders before they are fully released from State control." *Bleeke v. Lemmon*, 6 N.E.3d 907, 940 (Ind. 2014). As the Parole Board's authority to impose conditions on parole is not limited by the date on which the program was created, but rather is limited by the program's ability to help reintegrate the parolee into society, the order that Patrick participate in SOMM does not violate the *ex post facto* clause.

We affirm.

KIRSCH, J., and BAILEY, J., concur.

3