**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Aug 29 2014, 9:29 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**RONALD J. MOORE**
The Moore Law Firm, LLC
Richmond, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**LYUBOV GORE**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOHN PALATAS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 89A05-1403-CR-134 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE WAYNE CIRCUIT COURT
The Honorable David A. Kolger, Judge
Cause Nos. 89C01-1304-FA-12, 89C01-1312-FA-37

**August 29, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

**CASE SUMMARY**

During the Spring of 2013, Appellant-Defendant John Palatas sold heroin on at least four different occasions. On one of these occasions, Palatas sold more than three grams of heroin, on another he sold the heroin within 1000 feet of a school property, and on another he sold the heroin within 1000 feet of a youth program center. In addition, Palatas possessed 3.7 grams of marijuana at the time of his arrest, and a search of Palatas's residence following his arrest revealed that Palatas had a large sum of cash and 252.95 grams of heroin stored in his residence. As a result of his criminal actions, Palatas was charged, under two separate cause numbers, with numerous crimes. He subsequently pled guilty as charged and was sentenced to an aggregate forty-five-year sentence. On appeal, Palatas contends that the trial court abused its discretion in sentencing him and that his sentence is inappropriate. Finding no abuse of discretion by the trial court and concluding that Palatas's sentence is not inappropriate, we affirm.

**FACTS AND PROCEDURAL HISTORY**

The factual basis entered during the January 28, 2014 guilty plea hearing outlines Palatas's relevant criminal actions. On March 23, 2013, Palatas knowingly or intentionally delivered heroin to another person. On March 27, 2013, Palatas knowingly or intentionally delivered heroin to another person, with said offense being committed in, on, or within 1000 feet of a school property, *i.e.*, the Elizabeth Starr Academy. On March 28, 2013, Palatas knowingly or intentionally delivered heroin to another person, with said offense being committed in, on, or within 1000 feet of a youth program center, *i.e.*, a Boys and Girls Club.

2

On April 9, 2013, Palatas (1) possessed, with the intent to deliver, more than three grams of heroin; (2) knowingly or intentionally maintained a building, structure, or other place that was used one or more times for unlawfully keeping a controlled substance and/or items of drug paraphernalia; and (3) knowingly or intentionally possessed marijuana.

As a result of Palatas's actions, Appellee-Plaintiff the State of Indiana (the "State") subsequently charged Palatas with several criminal charges under two separate cause numbers. Specifically, with respect to Palatas's actions on March 23, 27, and 28, 2013, the State charged Palatas under Cause Number 89C01-1312-FA-37 ("Cause No. FA-37") with one count of Class B felony dealing in a narcotic drug and two counts of Class A felony dealing in a narcotic drug. With respect to Palatas's actions on April 9, 2013, the State charged Palatas under Cause Number 89C01-1304-FA-12 ("Cause No. FA-12") with one count of Class A felony dealing in a narcotic drug, one count of Class D felony maintaining a common nuisance, and one count of Class A misdemeanor possession of marijuana.

On January 28, 2014, Palatas entered into a plea agreement under which he agreed to plead guilty as charged. In exchange for Palatas's plea, the State agreed that his sentence imposed for each charge should be run concurrently to his sentences for the remaining charges, including those charged under the separate cause number. On February 27, 2014, the trial court accepted the plea agreement and sentenced Palatas to an aggravated forty-five-year executed sentence. Because Cause No. FA-37 and Cause No. FA-12 were joined together below when Palatas pled guilty and was sentenced, Cause No. FA-37 and Cause No. FA-12 have been consolidated on appeal.

3

## DISCUSSION AND DECISION

Palatas challenges his sentence on appeal, claiming both that the trial court abused its discretion in sentencing him and that his aggregate forty-five-year sentence is inappropriate in light of the nature of his offenses and his character.[1]

## I. Abuse of Discretion

Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *modified on other grounds on reh'g*, 875 N.E.2d 218 (Ind. 2007). "An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id.* (quotation omitted).

> One way in which a trial court may abuse its discretion is failing to enter a sentencing statement at all. Other examples include entering a sentencing statement that explains reasons for imposing a sentence-including a finding of aggravating and mitigating factors if any-but the record does not support the reasons, or the sentencing statement omits reasons that are clearly supported by the record and advanced for consideration, or the reasons given are improper as a matter of law. Under those circumstances, remand for resentencing may be the appropriate remedy if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that

---

[1] Initially, we note that Palatas presents his argument on appeal in terms of a presumptive sentencing scheme. However, we observe that Indiana's sentencing scheme was amended effective April 25, 2005, to incorporate advisory sentences rather than presumptive sentences and comply with the holdings in *Blakely v. Washington*, 542 U.S. 296 (2004), and *Smylie v. State*, 823 N.E.2d 679 (Ind. 2005). The Indiana Supreme Court has subsequently held that upon review of a defendant's sentence, we apply the sentencing scheme in effect at the time of the defendant's offense. *Upton v. State*, 904 N.E.2d 700, 702 (Ind. Ct. App. 2009); *see also Robertson v. State*, 871 N.E.2d 280, 286 (Ind. 2007) ("Although Robertson was sentenced after the amendments to Indiana's sentencing scheme, his offense occurred before the amendments were effective so the pre-*Blakely* sentencing scheme applies to Robertson's sentence."). Here, Palatas committed the instant offenses in March and April of 2013, well after the 2005 amendments to Indiana's sentencing scheme took effect. Consequently, the post-April 25, 2005 advisory sentencing scheme applies to Palatas's convictions.

enjoy support in the record.

*Id*. at 490-91.  A single aggravating factor may support an enhanced sentence.  *Fugate v. State*, 608 N.E.2d 1370, 1374 (Ind. 1993).

### A.  Whether the Trial Court Erroneously Found Certain Aggravating Factors

Palatas claims that the trial court abused its discretion in imposing an enhanced sentence because the trial court erroneously found certain factors to be aggravating during sentencing.

### 1.  Criminal History

Palatas argues that the trial court erroneously found his criminal history, which includes four prior felony convictions, twenty-two prior misdemeanor convictions, two probation revocations, and one unsuccessful probation termination, to be an aggravating factor at sentencing.  However, because Indiana Code section 35-38-1-7.1(a)(2) provides that a person's criminal history is a valid aggravating factor, we conclude that the trial court did not err in considering Palatas's criminal history to be an aggravating factor at sentencing.

### 2.  Placement on Probation at the Time He Committed Instant Offenses

Palatas also argues that the trial court erred in finding the fact that he was on probation at the time he committed the instant offenses to be an aggravating factor at sentencing.  The fact that a defendant committed a crime while on probation is a factor distinct from the defendant's criminal history and is a proper aggravating factor at sentencing.  *See Barber v. State*, 863 N.E.2d 1199, 1208 (Ind. Ct. App. 2007) (providing that the fact that the defendant was on probation when he committed the underlying offense because the defendant was still

serving a court-imposed sentence when he committed the criminal acts in question), *trans. denied*. In making this argument, Palatas claims that the record does not support the trial court's determination that he was on probation when he committed the instant offenses. We disagree.

Palatas admitted that the pre-sentence investigation report ("PSI"), which was generated prior to sentencing, was accurate. The PSI indicates that Palatas was sentenced to five years of probation in Montgomery County, Ohio on September 23, 2009. Palatas committed the underlying offenses in March and April of 2013, less than five years after Palatas was sentenced to five years of probation in Ohio. Further, Palatas points to no evidence and nothing in the record indicates that Palatas was released early from the five-year probationary term in Ohio. Accordingly, we conclude that the trial court did not err in finding the fact that Palatas was on probation when he committed the instant offenses to be an aggravating factor because the record sufficiently establishes that Palatas was on probation in a case stemming from Ohio at the time he committed the underlying offenses.

### 3. Weight of Heroin Found in Palatas's Home

In addition, Palatas argues that the trial court erred in finding the fact that 252.95 grams of heroin were recovered from his residence to be an aggravating factor at sentencing. In making this argument, Palatas simply states that "[t]he quantity of drugs involved is an inappropriate aggravator." Appellant's Br. p. 14. Palatas does not provide any citation to relevant authority or any argument in support of this statement. However, even if we were to assume that the trial court did err in considering this factor, we must still conclude that the

trial court acted within its discretion in imposing an enhanced sentence because the existence

of a single aggravator may support an enhanced sentence. *Fugate*, 608 N.E.2d at 1374. The

trial court properly considered two other aggravating factors, *i.e.*, Palatas's criminal history

and the fact that he was on probation at the time he committed the instant offenses, and these

aggravating factors are sufficient to support Palatas's enhanced sentence.

### B. Whether the Trial Court Failed to Apply Proper Weight to Certain Aggravating and Mitigating Factors

Palatas claims that the trial court abused its discretion in imposing enhanced

sentences. In making this claim, Palatas argues that the trial court applied improper

aggravating weight to his criminal history. He also argues that the trial court failed to give

proper mitigating weight to his guilty plea, his life history, and his remorse.

The Indiana Supreme Court has long held that a trial court is not required to weigh or

credit aggravating and mitigating factors the way an appellant suggests it should be weighed

or credited. *Fugate*, 608 N.E.2d at 1374. Further, because the trial court no longer has any

obligation to "weigh" aggravating and mitigating factors against each other when imposing a

sentence, unlike the pre-*Blakely* statutory regime, a trial court cannot now be said to have

abused its discretion in failing to "properly weigh" such factors. *Anglemyer*, 868 N.E.2d at

491. As such, the trial court did not abuse its discretion in this regard.

### II. Appropriateness of Sentence

Indiana Appellate Rule 7(B) provides that "The Court may revise a sentence

authorized by statute if, after due consideration of the trial court's decision, the Court finds

that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In analyzing such claims, we "'concentrate less on comparing the facts of [the case at issue] to others, whether real or hypothetical, and more on focusing on the nature, extent, and depravity of the offense for which the defendant is being sentenced, and what it reveals about the defendant's character.'" *Paul v. State*, 888 N.E.2d 818, 825 (Ind. Ct. App. 2008) (quoting *Brown v. State*, 760 N.E.2d 243, 247 (Ind. Ct. App. 2002), *trans. denied*). The defendant bears the burden of persuading us that his sentence is inappropriate. *Sanchez v. State*, 891 N.E.2d 174, 176 (Ind. Ct. App. 2008).

In the instant matter, Palatas pled guilty to three counts of Class A felony dealing in a narcotic drug, one count of Class B felony dealing in a narcotic drug, one count of Class D felony maintaining a common nuisance, and one count of Class A misdemeanor possession of marijuana. The record demonstrates that Palatas sold heroin on numerous occasions. On one occasion, Palatas sold an amount of heroin weighing more than three grams. On two other separate occasions, Palatas sold drugs within 1000 feet of both a school and a youth program center. Law enforcement discovered 252.95 grams of heroin in Palatas's residence during a search of the residence following Palatas's arrest. Law enforcement also recovered over $10,000.00 in cash from Palatas's residence. These facts support an inference that Palatas was not a "small time" drug dealer as he claimed, but rather was heavily involved in drug dealing.

With respect to Palatas's character, the record demonstrates that Palatas has shown an ongoing disregard for the laws of this State. Palatas's criminal history includes four prior

felony convictions, twenty-two prior misdemeanor convictions, two probation revocations, and one unsuccessful probation termination because Palatas absconded. The prior convictions include convictions relating to drug and alcohol use and theft. His criminal history includes convictions arising from both Indiana and Ohio. The record indicates that Palatas has failed to reform his criminal behavior despite routine leniency from the trial court. In addition, Palatas's criminal actions also appear to be escalating in seriousness. Palatas has failed to prove that his aggregate forty-five-year sentence is inappropriate in light of the nature of Palatas's offenses and his character.

## CONCLUSION

The trial court did not abuse its discretion in sentencing Palatas. In addition, Palatas has failed to prove that his aggregate forty-five-year sentence is inappropriate in light of his actions and his character.

The judgment of the trial court is affirmed.

BARNES, J., and BROWN, J., concur.