**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**CARA SCHAEFER WIENEKE**
Wieneke Law Office, LLC
Plainfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELLEN H. MEILAENDER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TIMOTHY JOHNSON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 33A01-1406-CR-251 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HENRY CIRCUIT COURT
The Honorable Mary G. Willis, Judge
Cause No. 33C01-1205-FA-17

**December 30, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Judge**

## Case Summary and Issue

In 2014, a jury found Timothy Johnson guilty of two counts of child molesting as Class A felonies and two counts of child molesting as Class C felonies. The trial court entered judgment of conviction on the two Class A felony counts and sentenced Johnson to serve thirty-five years on each count, to be served consecutively. In addition, the court found that Johnson was a credit restricted felon. Johnson now appeals, arguing that applying the credit restricted felon classification to him violates constitutional prohibitions against *ex post facto* laws. The State concedes, and we agree, that classifying Johnson as a credit restricted felon is an *ex post facto* violation, and we reverse and remand to the trial court to amend its sentencing order.

## Facts and Procedural History

M.T. was born May 6, 1994. In 1998, her mother married Johnson and they all lived together. In 2012, it came to light that Johnson had molested M.T. for several years beginning when she was six years old. The State charged Johnson in five counts: child molesting as a Class A felony and child molesting as a Class C felony for conduct occurring between December 1, 2000 and May 5, 2004; child molesting as a Class A felony and child molesting as a Class C felony for conduct occurring between May 6, 2004 and May 5, 2008; and sexual misconduct as a Class C felony for conduct occurring between May 6, 2008 and May 5, 2010.

A jury found Johnson guilty of all four child molesting charges but not guilty of sexual misconduct. At sentencing, the trial court entered judgment of conviction against Johnson for only the Class A felonies, found they were crimes of violence and that

2

consecutive sentences were appropriate, and stated, "[t]he Court does show that [Johnson] is a restricted credit class and I appreciate the date problem. He is a restricted credit class as defined by law and the Court recognizes that a portion of the sentence would fall within that." Transcript at 139. Johnson was ordered to serve an aggregate sentence of seventy years.

Discussion and Decision

Both the federal and state constitutions prohibit *ex post facto* laws. U.S. Const. art. I, § 10; Ind. Const. art. 1, § 24. These clauses generally prohibit enactment of a law "that imposes a punishment for an act that was not punishable when it was committed or imposes additional punishment to that then prescribed." Patrick v. Butts, 12 N.E.3d 270, 271 (Ind. Ct. App. 2014). To fall within either *ex post facto* prohibition, "a law must be retrospective—that is, it must apply to events occurring before its enactment—and it must disadvantage the offender affected by it." Upton v. State, 904 N.E.2d 700, 705 (Ind. Ct. App. 2009) (quotation marks and citation omitted), trans. denied.

The credit restricted felon statute took effect on July 1, 2008, and applied "only to persons convicted after June 30, 2008." Id. at 704 (quoting Pub. L. 80-2008, § 6). A "credit restricted felon" is defined by the statute as a person who has been convicted of, *inter alia*, child molesting involving sexual intercourse or deviate sexual conduct if the offender is at least twenty-one years of age and the victim is less than twelve years of age. Ind. Code § 35-31.5-2-72 (2014). A person who is a credit restricted felon is initially assigned to a lower credit class and may not be assigned to certain higher classes, thus earning less credit time during imprisonment. See Ind. Code ch. 35-50-6. By its

3

express terms, the statute applies to Johnson because he was <u>convicted</u> of his offenses after its enactment. However, this court has held that retroactive application of the credit restricted felon statute to a defendant who <u>committed</u> an offense before the effective date constitutes an *ex post facto* violation. <u>Gaby v. State</u>, 949 N.E.2d 870, 883 (Ind. Ct. App. 2011) (credit restricted felon classification improper upon conviction in 2010 for child molesting offenses occurring from 1997 to 2002); <u>Upton</u>, 904 N.E.2d at 706 (credit restricted felon classification improper when defendant was convicted after July 1, 2008, but committed his offenses no later than December of 2007).

Based upon this precedent, the State concedes and we conclude that Johnson's argument is correct: application of the credit restricted felon statute to Johnson is an unconstitutional *ex post facto* violation because Johnson committed his offenses prior to July 1, 2008.

Conclusion

The trial court erred in determining that Johnson qualified as a credit restricted felon. Accordingly, we reverse and remand to the trial court to amend its sentencing order to remove the credit restricted felon classification.

Reversed and remanded.

BAILEY, J., and BROWN, J., concur.

4