David, Justice, dissenting.
I respectfully dissent from the denial of transfer in this case, which presents a *627 single issue: whether the defendant was a credit restricted felon. Jonathan Webster was found guilty of child molestation stemming from sexual misconduct with his seven-year-old niece, M.W. The trial court sentenced Webster to thirty years in the Department of Correction and found him to be a credit restricted felon. I think it is necessary, at the very least, to remand this case for further clarification because the record falls short of demonstrating that Webster is a credit restricted felon.
The relevant statute, Indiana Code section 35-41-1-5.5[1] , defined a credit restricted felon as "a person who has been convicted of ... [c]hild molesting involving sexual intercourse or deviate sexual conduct ( IC 35-42-4-3(a) ) if ... the offense is committed by a person at least twenty-one (21) years of age; and ... the victim is less than twelve (12) years of age." The statute took effect on July 1, 2008, and applied "only to persons convicted after June 30, 2008." Upton v. State , 904 N.E.2d 700, 704 (Ind. Ct. App. 2009), trans denied . (quoting Pub.L. 80-2008, § 6). There is no doubt that Webster was at least twenty-one years old and M.W. was younger than twelve years old when the molestation occurred, but the record does not support a finding that Webster's offenses occurred after the June 30, 2008, "effective" date.
Throughout the proceedings, the State maintained that Webster molested M.W. when she was seven years old. From the charging information to the State's closing argument, the State's position did not wane. The trial court's preliminary instructions and final instructions to the jury also made clear that the State alleged the molestation occurred when M.W. was seven years old.
As for the witness testimony, it undoubtedly supported the State's allegation. During M.W.'s direct examination, the State told M.W. that they were "going to talk [to her] about something that happened back when [she was] seven, 2006 and 2007." (Tr. Vol. III at 35.) M.W. answered affirmatively, indicating that she understood the scope of the time frame. M.W. was then shown a photograph taken "right after the time period" that the offense occurred, and she confirmed that the photo was taken when she was eight years old. (Tr. Vol. III at 36) (emphasis added). On redirect, M.W. was asked whether the incident behind the shed occurred when she was "about seven," and M.W. again answered "yes." (Tr. Vol. II at 70). Finally, M.W.'s Father's testimony further corroborated that the molestation occurred between 2006 and 2007; he testified that Webster moved in with him, his wife, and his daughters in 2006 and moved out by 2007.
Given that Webster's offenses were committed during the period that he lived in his brother's home and M.W. testified that she was seven years old when she was molested, the offenses must have occurred between June 2, 2006 (when M.W. turned seven years old) and June 2, 2007. But the credit restricted felon statute would not go into effect until the end of June 2008; by that time, M.W. was already nine years old and Webster had moved out of the home, according to his brother. Thus, applying the credit restricted felon statute to this case risks violating our prohibition on ex post facto laws.
I recognize that Webster himself testified that he lived with the victim from 2008 to 2010, but the magnitude of credible evidence indicating that the offense occurred when M.W. was seven years old is *628 overwhelming. Moreover, the fact that Webster admitted to living in the victim's home from 2008 to 2010, without more, shows nothing about the dates of the offenses; not a single witness-not even the victim-testified that Webster molested M.W. after the credit restricted felon statute became effective. I think that, at the very least, the record is not clear enough to find, beyond a reasonable doubt, that Webster was a credit restricted felon. Accordingly, I would grant transfer to remand this case on the credit restricted felon issue, instructing the trial court to clarify the record as to the time frame when the offenses occurred.
Rush, C.J., concurs.

Effective July 1, 2012, this statute was recodified under Indiana Code section 35-31.5-2-72.