**Eugene DULLEN, Sr., Appellant (Petitioner below),**

v.

**STATE of Indiana, Appellee (Respondent below).**

No. 49S02–9912–PC–711.

Supreme Court of Indiana.

Dec. 30, 1999.

Eugene Dullen, Sr., Pendleton, Indiana, Appellant Pro Se.

Jeffrey A. Modisett, Attorney General of Indiana, J.T. Whitehead, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## ON PETITION TO TRANSFER

SULLIVAN, Justice.

Eugene Dullen, Sr., appealed the denial of his petition for post-conviction relief on grounds that (1) he was deprived of his Sixth Amendment right to counsel and (2) he was denied the effective assistance of counsel to which he was entitled. The Court of Appeals affirmed the denial of post-conviction relief in an unpublished opinion. *Dullen v. State*, No. 49A02–9810–PC–850, 718 N.E.2d 1237 (Ind.Ct.App. Oct. 5, 1999).

I

We adopt and incorporate by reference the analysis and resolution of both of these issues by the Court of Appeals:

### *Right to Counsel*

Dullen contends that his Sixth Amendment right to counsel was violated because he was not represented by counsel when the information was filed. It is well settled that the Sixth Amendment right to counsel attaches only at or after the time that adversary judicial proceedings have been initiated against the defendant. *Little v. State*, 475 N.E.2d 677, 683 (Ind.1985). Once charges are filed against a defendant, the Sixth Amendment guarantee of assistance of counsel applies to "critical" stages of the proceedings. *Williams v. State*, 555 N.E.2d 133, 136 (Ind.1990). "The proper test for determining whether a particular proceeding is a 'critical stage,' to which the assistance of counsel guarantee applies, is whether the defendant is confronted with the intricacies of the law or the advocacy of the public prosecutor or prosecuting authorities." *Id.*

The filing of the information was not a critical stage of the proceedings against Dullen. Dullen has not shown that he was confronted with any intricacy of the law or the advocacy of prosecuting authorities on November 6, 1995. Instead, the filing of the information merely began the criminal proceedings against Dullen. There was no adversarial confrontation, nor did the court or the State attempt to elicit facts that might have prejudiced Dullen in later proceedings. Dullen was not denied his Sixth Amendment right to counsel.

### *Ineffective Assistance*

Dullen argues that his counsel provided ineffective assistance. To prevail on a claim of ineffective assistance of counsel, a defendant must show that: (1) counsel's performance fell below an objective standard of reasonableness;

and (2) counsel's performance prejudiced defendant. *Smith v. State,* 689 N.E.2d 1238, 1243 (Ind.1997). In evaluating the first element, we presume counsel is competent and the defendant must present clear and convincing evidence to rebut this presumption. *Id.* To establish prejudice, the defendant must show that counsel's errors so undermined the proper functioning of the adversarial process that the ultimate result cannot be relied on as just and reliable. *Id.* at 1244.

Dullen contends that he was prejudiced because his counsel failed to challenge the trial court's jurisdiction over him due to the deprivation of his Sixth Amendment right to counsel. However, we have held that Dullen's Sixth Amendment right to counsel was not violated, and thus, Dullen was not prejudiced by his counsel's failure to raise such an argument before the trial court. Dullen received effective assistance of counsel. *Dullen,* slip op. at 3–4.

## II

Dullen filed his petition for post-conviction relief on a *pro se* basis. While he is certainly entitled to do so, we note that the Indiana Public Defender provides legal assistance to persons seeking post-conviction relief. We believe that individuals who think they are entitled to post-conviction relief should seriously consider the advantages of utilizing the assistance of the Public Defender's office rather than proceeding *pro se.* In particular, because the authority to file a second, or successive, petition for post-conviction relief is limited by Ind. Post–Conviction Rule 1–12(a), the first petition for post-conviction relief may be a person's only opportunity to present his or her claim for post-conviction relief to a court. For this reason, utilizing the State Public Defender (or other counsel) in connection with the first petition seems to us to be well advised.

We grant transfer and expressly adopt and incorporate by reference the judgment and opinion of the Court of Appeals. Ind. Appellate Rule 11(B)(3). The judgment of the post-conviction court is affirmed.

SHEPARD, C.J., and DICKSON and BOEHM, JJ., concur. RUCKER, J., not participating.