# FOR PUBLICATION



FILED
Nov 27 2013, 5:56 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DANIEL J. MOORE**
Laszynski & Moore
Lafayette, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANGELA N. SANCHEZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JASON DEATON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 79A02-1303-CR-282 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM TIPPECANOE SUPERIOR COURT
The Honorable Thomas H. Busch, Judge
Cause No. 79D02-1111-FA-24

**November 27, 2013**

**OPINION - FOR PUBLICATION**

**MAY, Judge**

Jason Deaton appeals his conviction of two counts of Class A felony child molesting.[1]

He presents two issues for our review:

1.      Whether alleged misconduct by the prosecutor was fundamental error; and

2.      Whether the State presented sufficient evidence to convict Deaton.

We affirm.

## FACTS AND PROCEDURAL HISTORY[2]

On August 17, 2011, E.D. revealed to her sister that their father, Deaton,[3] had been forcing E.D. to perform oral sex for approximately one year. The State charged Deaton with two counts of Class A felony child molesting.

Deaton's jury trial commenced on November 27, 2012. E.D. testified Deaton forced her to perform oral sex on him on multiple occasions, she identified unique marks on his genitalia, and she described his post-molestation practices, which were similar to things Deaton did after engaging in sexual activity with E.D.'s mother. The jury found Deaton guilty as charged, and the trial court sentenced Deaton to thirty years, with twenty-eight years executed and two years on supervised probation.

---

[1] Ind. Code § 35-42-4-3(a)(1).

[2] The record on appeal in this case was prepared pursuant to the Indiana Supreme Court's "Order for the Indiana Court Reporting Pilot Project by Using Professional Transcription Experts on Appeal [,]" issued on November 8, 2012, and effective on November 1, 2012. *See* Ind. Supreme Court Case No. 94S00–1209–MS–522. We are grateful for the ongoing cooperation of the Honorable Thomas H. Busch of Tippecanoe Superior Court, the Tippecanoe County Public Defender Agency, and the Office of the Indiana Attorney General in the execution of this pilot project.

[3] E.D.'s mother and Deaton married when E.D. was ten or eleven years old, and shortly thereafter, Deaton adopted E.D. and her brother W.D. K.D. is Deaton's daughter from a previous relationship.

**DISCUSSION AND DECISION**

1.       Prosecutorial Misconduct

Deaton claims certain comments by the prosecutor during *voir dire* and closing argument were misconduct. In reviewing a claim of prosecutorial misconduct, we must determine whether the prosecutor engaged in misconduct, and if so, whether the misconduct had a probable persuasive effect on the jury. *Ritchie v. State*, 809 N.E.2d 258, 268 (Ind. 2004), *reh'g denied*, *cert. denied*, 546 U.S. 828 (2005). A claim of improper argument to the jury is measured by the probable persuasive effect of any misconduct on the jury's decision and whether there were repeated occurrences of misconduct, which would evidence a deliberate attempt to improperly prejudice the defendant. *Id*. at 269.

Deaton did not object to the statements he now alleges were error. Failure to object to alleged misconduct precludes appellate review of the claim, *Booher v. State*, 773 N.E.2d 814, 817 (Ind. 2002), unless the alleged misconduct amounts to fundamental error. *Id*. To demonstrate fundamental error, the defendant must establish not only prosecutorial misconduct but also the additional grounds for fundamental error. *Id*. at 818. To be fundamental error, the misconduct must have made a fair trial impossible or been a clearly blatant violation of basic and elementary principles of due process that presents an undeniable and substantial potential for harm. *Id*. at 817.

a.       *Voir Dire*

The function of *voir dire* is to ascertain whether jurors can render "a fair and impartial verdict in accordance with law and the evidence." *Von Almen v. State*, 496 N.E.2d 55, 59

3

(Ind. 1986). Jurors may be asked questions to eliminate bias but "not to condition them to be receptive to the questioner's position." *Id*. "Questions that seek to shape a favorable jury by deliberate exposure to the substantive issues in the case are therefore improper." *Id*.

During *voir dire*, the State engaged in this dialogue with a potential juror in front of the other potential jurors:

> [State]: Does anyone watch CSI? I watch it. It's a good show, [Potential Juror], right?
> [Potential Juror]: Um-hum.
> [State]: Do you agree that it's not reality?
> [Potential Juror]: It's so not reality.
> [State]: The police don't solve crimes in an hour. Would you need DNA evidence in a case like this to be able to consider --
> [Potential Juror]: Hard and fast DNA? No.
> [State]: Does anyone -- would anyone need DNA evidence in a case like this?
> Would anyone need fingerprint evidence in a case like this?
> Is anyone going to hold me to a CSI standard? Make me bring in all sorts of forensic evidence and fingerprints and DNA and do the light shows that they do on that show? Is anyone expecting that?

(Tr. at 48.) Deaton argues that, through these comments, the State sought to "reduce its burden by eliminating any negative inferences to be drawn from any lack of evidence on the State's side." (Br. of Appellant at 9.)

As Deaton did not object to the State's questions during *voir dire*, he must demonstrate the alleged prosecutorial misconduct rose to the level of fundamental error, that is, the State's comments made a fair trial impossible. Deaton has not demonstrated the State's comments deprived him of a fair trial. The court reminded the jury of the State's burden of proof six times, including twice before *voir dire* and four times during final

4

instructions. The State also reminded the jurors of its burden two times, once right after the exchange Deaton challenges. Any error was cured by the multiple reminders of the proper burden of proof and any error was therefore not fundamental. *See Emerson v. State*, 952 N.E.2d 832, 838 (Ind. Ct. App. 2011) (any misconduct in prosecutor's statement cured by court's general instruction regarding prosecutor's comment).

        b.        <u>Closing Argument</u>

As part of its closing argument, the State may argue both law and fact, and "propound conclusions based upon his analysis of the evidence." *Poling v. State*, 938 N.E.2d 1212, 1217 (Ind. Ct. App. 2010). However, it is improper for the State to comment on the credibility of a witness unless "the assertions are based on reasons which arise from the evidence." *Gaby v. State*, 949 N.E.2d 870, 881 (Ind. Ct. App. 2011). It is also misconduct for the State to suggest the burden of proof shifts to the defendant during a criminal case. *Dobbins v. State*, 721 N.E.2d 867, 874 (Ind. 1999).

Deaton argues the State made comments during closing argument vouching for E.D.'s credibility and suggesting the burden of proof rested with Deaton. As Deaton did not object to the statements, he must demonstrate fundamental error. *See Booher*, 773 N.E.2d at 817 (if appellant does not make objection at trial, issue of prosecutorial misconduct is waived unless appellant demonstrates fundamental error). He has not met that burden.

During closing argument, the prosecutor said:

[E.D.'s] testimony alone is sufficient to support a conviction for child molest. We don't need an eyewitness. We don't need any physical evidence. We don't need anybody else's testimony or anything else to corroborate her statement, okay? According to the Indiana Supreme Court and the Indiana

5

Court of Appeals, the uncorroborated testimony of a victim is enough for a conviction in child molesting. However, as we already talked about, we have more than just hers. However, you need to know that her testimony is [sic] alone -- is enough to convict him.

(Tr. at 302.) The State went on to describe the evidence presented supporting the crime, and then during its rebuttal argument, it stated, "Again, [E.D.'s] testimony is enough. Her testimony alone is enough to convict the defendant for two counts of A-felony child molesting. But you have more than that." (*Id*. at 317.)

The State's comment that E.D.'s testimony was sufficient evidence to convict Deaton is a correct statement of law; this court and our Indiana Supreme Court have upheld child molesting convictions on the uncorroborated testimony of the victim on many occasions. *See*, *e.g*., *Hoglund v. State*, 962 N.E.2d 1230, 1239 (Ind. 2012), *reh'g denied*; *Bowles v. State*, 737 N.E.2d 1150, 1152 (Ind. 2000); *Brooks v. State*, 560 N.E.2d 49, 53 (Ind. 1990), *reh'g denied*; *Young v. State*, 973 N.E.2d 1225, 1227 (Ind. Ct. App. 2012), *reh'g denied*; *Baber v. State*, 870 N.E.2d 486, 490 (Ind. Ct. App. 2008), *reh'g denied*, *trans. denied*. Decisions holding the State committed prosecutorial misconduct because of a statement during closing arguments vouching for the victim are distinguishable. *See Gaby*, 949 N.E.2d at 881 (prosecutor improperly vouched for victim when telling the jury the prosecutor and the police believed the victim, and the jury should too); *Ryan v. State*, 992 N.E.2d 776, 789 (Ind. Ct. App. 2013) (prosecutor's comment that victim was telling the truth and had "never been dishonest" were improper vouching comments), *trans. pending*. Deaton has not directed us to any decision where a statement that a victim's testimony alone is sufficient to support a

6

conviction was held to be prosecutorial misconduct.

The jury was reminded multiple times of the State's burden of proof and that Deaton was innocent until proven guilty. These instructions and reminders are sufficient to cure any allegedly improper comments. *See Emerson*, 952 N.E.2d at 838 (any misconduct in prosecutor's statement cured by court's general instruction.)

2.     Sufficiency of the Evidence

When reviewing sufficiency of evidence to support a conviction, we consider only the probative evidence and reasonable inferences supporting the decision. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). It is the fact-finder's role, and not ours, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. *Id.* To preserve this structure, when we are confronted with conflicting evidence, we consider it most favorably to the ruling. *Id.* We affirm a conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id.* It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence; rather, the evidence is sufficient if an inference reasonably may be drawn from it to support the decision. *Id.* at 147.

To prove Deaton committed Class A felony child molesting, the State had to present evidence Deaton "perform[ed] or submit[ted] to sexual intercourse or deviate sexual conduct" with a child under the age of fourteen, when Deaton was over twenty-one years old. Ind. Code § 35-42-4-3(a)(1). Deaton argues, "[t]he insufficiency in this case comes primarily from the complete lack of believability of the victim's testimony." (Br. of

7

Appellant at 13.)  However, we may not reweigh evidence or judge witness credibility.  *See*

*Drane*, 867 N.E.2d at 146.  E.D  testified Deaton forced her to perform oral sex on multiple

occasions when he was over twenty-one years old and she was under fourteen years old, and

a a conviction of child molesting may be based on the uncorroborated testimony of the

victim, *Hoglund*, 962 N.E.2d at 1239.  Thus, the State presented sufficient evidence to

convict Deaton of two counts of Class A felony child molesting.

## CONCLUSION

Deaton has not demonstrated fundamental error in the State's comments during *voir*

*dire* regarding the "CSI effect" and the State's comments during closing arguments regarding

the evidence presented.  Further, the State presented sufficient evidence to convict Deaton of

two counts of Class A felony child molesting.  Accordingly, we affirm.

Affirmed.

KIRSCH, J., and BRADFORD, J., concur.