**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**BRYAN M. TRUITT**
Bertig & Associates LLC
Valparaiso, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANGELA N. SANCHEZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ARTHUR GUTIERREZ, JR., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 64A03-1309-CR-365 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE PORTER SUPERIOR COURT
The Honorable William E. Alexa, Judge
Cause No. 64D02-1102-FA-1324

**August 6, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Following his trial by jury, Arthur Gutierrez, Jr., was convicted of child molesting as a Class A felony.[1]  On appeal, Gutierrez raises the following restated issues:

I.      Whether the State presented sufficient to support his conviction;

II.     Whether his sentence is inappropriate based on the nature of the offense and the character of the offender; and

III.    Whether his classification as a credit restricted felon is an impermissible *ex post facto* punishment.

We affirm.

### FACTS AND PROCEDURAL HISTORY

Gutierrez and B.R. began dating when B.R.'s daughter, T.J., was an infant.  When T.J. was three years old, B.R. gave birth to Gutierrez's son.  The family lived in a series of homes, including a trailer on Sharon Boulevard.  A fire occurred in that trailer which caused them to move out.  At times B.R. left the children in Gutierrez's care while she worked.

When B.R. was at work, Gutierrez made T.J., who was between the ages of three and five years old at the time, perform oral sex on him on more than one occasion.  He also rubbed T.J.'s vulva and buttocks with his erect penis and directed T.J. to masturbate him.  These acts also occurred on more than one occasion.

The sexual interaction between B.R. and Gutierrez ended when T.J. was six and one-half years old.  B.R. subsequently became aware that allegations of inappropriate

---

[1] *See* Ind. Code § 35-42-4-3(a)(1).  We note that, effective July 1, 2014, a new version of this child molesting statute was enacted.  The felony class was changed to a felony level.  The substance of the statute remained the same.  Because Gutierrez committed his crime prior to July 1, 2014, we will apply the statute in effect at the time he committed his crime.

touching had surfaced concerning Gutierrez and another child, S.S.[2] B.R. took T.J. to see B.R.'s sister, ("Aunt"). T.J. had a close relationship with Aunt and would speak freely with her. Initially, T.J. denied that Gutierrez had touched her inappropriately. After further questioning by Aunt, T.J. disclosed the aforementioned acts. T.J. spoke with Aunt alone for fifteen to twenty minutes.

B.R. and Aunt decided to file a police report. Aunt, Aunt's husband, B.R., and T.J. spent several hours together that day searching for the correct law enforcement agency to take the report and then making the report. The next day, T.J. spoke with Connie Hicks, a forensic interviewer with the Department of Child Services.

The State charged Gutierrez with one count of Class A felony child molesting in relevant part as follows:

> ARTHUR GUTIERREZ did, then and there, on or between the 1st day of February, 2005, and the 31st day of July, 2009, with a child under fourteen (14) years of age, knowingly or intentionally perform deviate sexual conduct with T.J.

*Appellant's App*. at 30. A jury found Gutierrez guilty of the charge.

At Gutierrez's sentencing hearing, the trial court noted that Gutierrez maintained his innocence after his jury trial and that Gutierrez had not accepted responsibility for his conduct.[3] The trial court sentenced Gutierrez to fifty years executed in the Department of Correction. The trial court also determined that Gutierrez is a credit restricted felon.

---

[2] The State charged Gutierrez with one count of Class A felony child molesting involving S.S. *Appellant's App*. at 14. Gutierrez's trial on that charge resulted in a hung jury. *Id*. at 386.

[3] The trial court's written sentencing order listed these as separate aggravating circumstances. *Id*. at 375.

Gutierrez now appeals his conviction, his sentence, and his credit time classification. Additional facts will be added as necessary.

## DISCUSSION AND DECISION

### I. Sufficiency of Evidence

Our standard of reviewing claims of sufficiency of the evidence is well settled. We consider only the probative evidence and reasonable inferences supporting the verdict. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We do not reweigh the evidence or assess witness credibility. *Id*. We consider conflicting evidence most favorably to the fact-finder. *Id*. We will affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id*. It is not necessary that the evidence overcome every reasonable hypothesis of innocence. *Id*. at 147. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict. *Id*.

In order to prove that Gutierrez committed the offense of Class A felony child molesting, the State was required to prove that Gutierrez, who was at least twenty-one, performed deviate sexual conduct with T.J., who was under the age of fourteen, at the time. Ind. Code § 35-42-4-3-(a)(1). At trial, the State proceeded under the theory that Gutierrez had T.J. perform oral sex on him. *Tr*. at 455. That act qualifies as deviate sexual conduct for purposes of the child molesting statute. Ind. Code § 35-31.5-2-94.[4]

A review of the evidence most favorable to the jury's verdict was that Gutierrez was over twenty-one years old during the charged period. T.J. was between the ages of two

---

[4] At the time of Gutierrez's conviction, deviate sexual conduct was defined at Indiana Code section 35-41-1-9. The substance of the definition remains the same.

4

and six years old during the same time period. T.J. testified that Gutierrez would make her place his "tiger"[5] in her mouth and move her head up and down. *Tr.* at 176-77. This evidence was sufficient for the jury to find that Gutierrez had committed Class A felony child molesting against T.J.

On appeal, Gutierrez contends that this evidence was insufficient to support his conviction because T.J.'s testimony was "incredibly dubious" in light of what he argues was T.J.'s vague, uncorroborated, inherently improbable, and coerced testimony. *Appellant's Br.* at 7-9. The incredible dubiosity rule is as follows:

> If a sole witness presents inherently improbable testimony and there is a complete lack of circumstantial evidence, a defendant's conviction may be reversed. This is appropriate only where the court has confronted inherently improbable testimony or coerced, equivocal, wholly uncorroborated testimony of incredible dubiosity. Application of this rule is rare and the standard to be applied is whether the testimony is so incredibly dubious or inherently improbable that no reasonable person could believe it.

*Love v. State*, 761 N.E.2d 806, 810 (Ind. 2002) (citing *Stephenson v. State*, 742 N.E.2d 463, 498 (Ind. 2001)); *Bradford v. State*, 675 N.E.2d 296, 300 (Ind. 1996)).

Gutierrez urges us to overturn the jury's verdict, claiming that T.J.'s testimony lacked detail both as to the date of the offense and the specifics of the act. *Appellant's Br.* at 9. However, the State was not required to prove a specific date in order to convict Gutierrez of child molesting. *Barger v. State*, 587 N.E.2d 1304, 1307 (Ind. 1992). T.J. provided a timeframe for the offense when she testified that Gutierrez had her perform acts of oral sex on him in the trailer that burned down, *tr.* at 180-81, and, therefore, the offense

---

[5] "Tiger" was T.J.'s term for a penis. *Tr.* at 169.

5

must have taken place after December of 2008 when T.J. had her fifth birthday. *Tr.* at 205, 211-12. Moreover, T.J.'s testimony that Gutierrez put his "tiger" in her mouth was adequately detailed to sustain the conviction. *Cf. Bear v. State*, 772 N.E.2d 413, 424-25 (Ind. Ct. App. 2002) (upholding child molesting conviction where victim testified that defendant licked her "pooty").

Furthermore, the fact that T.J.'s testimony was uncorroborated by her younger brother or by physical evidence does not render her testimony incredibly dubious. It is well settled that the uncorroborated testimony of a child molesting victim is sufficient to support a conviction. *Deaton v. State*, 999 N.E.2d 452, 457 (Ind. Ct. App. 2013) (citing *Hoglund v. State*, 962 N.E.2d 1230, 1239 (Ind. 2012), *trans. denied*). It is not improbable that T.J.'s brother could not corroborate T.J.'s version of events, as he was at most two years old when the offense occurred. In addition, evidence was presented at trial that it is unusual to find corroborating physical evidence if an exam is performed well after the offense occurred. *Tr.* at 340.

Gutierrez's contention that Aunt coerced T.J. into disclosing the offense is equally unavailing. The jury heard Gutierrez's theory that Aunt had personal animosity against him, that she wanted to "crack" T.J., and that Aunt interrogated T.J. with leading questions until T.J. disclosed the offense. The State is correct when it argues on appeal that it was within the province of the jury to reject that theory. *Appellee's Br.* at 7-9. We will not second guess the jury's assessment of T.J.'s testimony. *Drane*, 867 N.E.2d at 146.

6

### III. Sentencing

Gutierrez also contends that his fifty-year sentence is inappropriate. Article 7, Section 6 of the Indiana Constitution authorizes this court to independently review and revise a sentence imposed by the trial court. *Neville v. State*, 976 N.E.2d 1252, 1266 (Ind. Ct. App. 2012), *trans. denied*. We may revise a sentence after careful review of the trial court's decision if we conclude that the sentence is inappropriate based on the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B). The reviewing court "must and should exercise deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give 'due consideration' to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions." *Stewart v. State*, 866 N.E.2d 858, 866 (Ind. Ct. App. 2007). Further, "[t]he principal role of appellate review should be to attempt to leaven the outliers, and identify some guiding principles for trial courts . . . but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. *Neville*, 976 N.E.2d at 1266.

As to the nature of the offense, Gutierrez argues that, although T.J. testified that Gutierrez's offense was part of an ongoing pattern of conduct, there was no evidence of how often he subjected T.J. to sexual abuse. *Appellant's Br*. at 11. He also contends that the fact that it is not clear from the record that he had sexual intercourse with T.J. merits a reduction in this sentence. *Id*. We are not persuaded. There was ample evidence in the record that Gutierrez molested T.J. in the same manner as the charged offense on multiple

7

occasions and that he molested T.J. in other ways more than once. Yet, Gutierrez was charged, convicted, and sentenced for only one offense. The fact that he was not convicted of having sexual intercourse with T.J. does not diminish the gravity of the instant offense.

Furthermore, Gutierrez began dating B.R. when T.J. was an infant. He was the only father T.J. knew for a portion of her life. Gutierrez himself characterized T.J. as someone he "raised for years" and as "my daughter." *Appellant's App*. at 410. He committed his offense when he was in a position of trust with T.J. as her caregiver while B.R. was at work. Gutierrez was supposed to be caring for T.J.'s brother also when he abused T.J. As such, Gutierrez was in dereliction of his duty as caretaker to both children. T.J. was around four years old when Gutierrez started molesting her, an age significantly lower than necessary to prove the instant offense. I.C. § 35-42-4-3(a)(1). T.J. has acted out sexually with other children at home and at school. She has required counseling as a result of the instant offense and the ongoing abuse by Gutierrez.

Regarding his character, Gutierrez reminds us of his positive character traits, including the fact that he has a relatively minor criminal record. *Appellant's Br*. at 11-12. However, after Gutierrez was charged in the instant matter, the State filed new charges against him of invasion of privacy for violating no-contact orders as to S.S. and T.J. Those charges were pending at the time of his sentencing in the present case. *Appellant's App*. at 409. The fact that Gutierrez was charged with two new offenses while out on bond raises questions regarding the extent to which he is law-abiding despite his minor criminal record.

Gutierrez also directs us to the fact that the trial court found his decision to take his case to trial and his protestations of innocence as aggravating factors. *Appellant's Br*. at

8

12. While we do not condone the trial court's findings, we conclude that, given the evidence of other offenses against T.J., his position as father figure and caretaker to T.J., and the extreme youth of the victim, Gutierrez has failed to show that his fifty-year sentence is inappropriate in regard to either the nature of the crime or his character.

## IV. Credit Time

Gutierrez argues that the trial court violated *ex post facto* principles when it classified him as a credit restricted felon.[6] *Appellant's Br*. at 11-14. A "credit restricted felon" is an offender who has been convicted of child molesting involving sexual intercourse or sexual deviate conduct when the offender is over the age of twenty-one and the victim is under the age of twelve. Ind. Code § 35-31.5-2-72.[7] Such an offender earns one day of credit time for every six days the offender is confined pre- and post-trial, meaning that the credit restricted felon serves eighty-five percent of his sentence. Ind. Code § 35-50-6-3(d) (2008); *Boling v. State*, 982 N.E.2d 1055, 1058-59 (Ind. Ct. App. 2013).

The United States Constitution and the Indiana Constitution both prohibit *ex post facto* laws. U.S. Const. art. I, § 10; Ind. Const. art. I, § 24. A law violates the *ex post facto* prohibition if it is applied to events occurring before its enactment. *Paul v. State*, 888 N.E.2d 818, 825-26 (Ind. Ct. App. 2008), *trans. denied*. Accordingly, an offender may

---

[6] Gutierrez points to no legal authority for his argument that the jury or the trial court was required to make specific findings regarding the date of the offense in order for his credit restricted felon status to be valid. Therefore, we find this issue to be waived. Ind. Appellate Rule 46(A)(8)(a). Likewise, Gutierrez characterized his *Blakely*-style claim as "an aside" which was unsupported by legal authority until he filed his Reply Brief. *Appellant's Br*. at 14. Therefore, we do not address that claim. App. R. 46(A)(8)(a).

[7] Formerly Indiana Code section 35-41-1-5.5.

only be classified as a credit restricted felon if he was convicted for an offense that occurred on or after the effective date of the statute, July 1, 2008. *Upton v. State*, 904 N.E.2d 700, 705-06 (Ind. Ct. App. 2009), *trans. denied*.

Gutierrez contends that he was improperly classified as a credit restricted felon because the evidence at trial showed that he committed the instant offense before the enactment of the credit restricted felon statute. *Appellant's Br*. at 14-15. The State charged Gutierrez with committing the offense between the dates of February 1, 2005, and July 31, 2009. *Appellant's App.* at 30. As in other matters wherein we examine the sufficiency of the evidence, we will consider only the evidence in the record and reasonable inferences therefrom that support the trial court's credit time determination. *See Drane*, 867 N.E.2d 146-47.

T.J. was born on December 9, 2003. *Tr.* at 205. T.J. testified that she had to use her mouth on Gutierrez's "tiger" when she lived in the trailer that burned down. *Tr.* 180-81. T.J. turned five just before the family moved to a trailer on Sharon Boulevard. *Id*. 211-12. The family lived in that trailer for one and one-half years until the trailer burned. *Id.* at 212. T.J.'s fifth birthday would have been on December 9, 2008. Thus, the family's entire occupancy of the trailer that burned occurred after July 1, 2008, the effective date of the credit restricted felon statute, and so the offense must have occurred after that date. The trial court's credit time determination did not constitute an impermissible *ex post facto* law.

Affirmed.

MAY, J., and BAILEY, J., concur.