OPINION ON REHEARING



ATTORNEYS FOR APPELLANT

Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen H. Meilaender
Supervising Deputy Attorney General
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Mark K. Leeman
Leeman Law Office
Logansport, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

State of Indiana,

*Appellant-Plaintiff,*

v.

Axel Domingo Diego,

*Appellee-Defendant.*

November 5, 2020

Court of Appeals Case No.
20A-CR-227

Interlocutory Appeal from the Cass
Circuit Court

The Honorable Stephen Roger
Kitts, II, Judge

The Honorable Leo T. Burns,
Senior Judge

Trial Court Cause No.
09C01-1806-FA-1

**Bailey, Judge.**

# Case Summary

The State seeks rehearing of our decision in *State v. Domingo Diego*, 150 N.E.3d 715 (Ind. Ct. App. 2020). In that opinion, we affirmed the trial court's order granting Axel Domingo Diego's ("Domingo Diego") motion to suppress his statement to the police because the statement was obtained during custodial interrogation without Miranda warnings. 150 N.E.3d at 721. In the course of so holding, we stated in a footnote:

> The State may appeal the grant of a motion to suppress evidence in a criminal case "if the ultimate effect of the order is to preclude further prosecution of one (1) or more counts of an information or indictment." I.C. § 35-38-4-2(5). Although the State has not alleged that it cannot further prosecute Domingo Diego without his statement to police, it apparently made that determination, and "it is not within our purview to second-guess" it. *State v. Wroe*, 16 N.E.3d 462, 465 (Ind. Ct. App. 2014), *trans. denied*.

*Id.* at 719 n.12.

The only issue the State raises in its request for rehearing is whether we incorrectly presumed that it brought this appeal of the order suppressing Domingo Diego's statement pursuant to subsection 5 of Indiana Code Section 35-38-4-2 rather than subsection 6, which allows discretionary interlocutory appeals.

We grant the motion for rehearing in order to clarify the basis for the State's appeal, we affirm our initial opinion in all other respects, and we remand to the trial court for any further proceedings in conformity with this opinion.

# Facts and Procedural History

[4] The trial court granted the State's request to certify for appeal its order granting the motion to suppress. In that request and in its Notice of Appeal and motion seeking this Court's acceptance of its interlocutory appeal, the State did not specify any statutory basis for the appeal; rather, the State asserted that it appealed "from an interlocutory order, accepted by discretion pursuant to Appellate Rule 14(B)(3)."

[5] In support of its motion seeking this court's permission to appeal, the State maintained that its interlocutory appeal "should be granted in this case because the order involves a substantial question of law, the early determination of which will promote a more orderly disposition of the case; the State will suffer substantial injury if the order is erroneous; and because the State's remedy by appeal is indisputably inadequate." Motion for Interlocutory Appeal at 2. The State asserted that there are "critical factual differences between this case and the case of *State v. Ruiz*, 123 N.E.3d 675 (Ind. 2019), … rendering the trial court's reliance on *Ruiz* incorrect," but it did not specify any such factual differences. *Id*. at 3. The State also asserted that a defendant's incriminating statements are "particularly important in the context of a child molestation case, where the charges rest primarily on the testimony of a child witness with little other corroborating evidence available." *Id*. And the State asserted that an appeal following an acquittal would be inadequate because "the doctrine of double jeopardy will prevent the State from being able to re-try [the defendant] even if the appellate courts hold that the evidence was wrongly excluded." *Id*.

[6]     In its petition for rehearing, the State now asserts that it brings this appeal as an interlocutory appeal under subsection 6 of Indiana Code Section 35-48-4-2, rather than under subsection 5 as we presumed in footnote 12 of our initial opinion. The State asserts that the suppression of the defendant's statement "does not constitute a judicial admission that the State cannot prosecute further without the suppressed statement, and this Court's opinion affirming the suppression order does not prevent the State from moving forward with its prosecution when jurisdiction reverts back to the trial court." Pet. for Reh'g. at 7-8.

# Discussion and Decision

[7]     It is well-settled that the State may only appeal in a criminal case when the legislature has granted it specific statutory authority to do so. *E.g., State v. Brunner*, 947 N.E.2d 411 (Ind. 2011) ("Indiana has a strict historic precedent that criminal appeals by the State are statutorily defined."). The legislature has expressly enumerated the criminal appeals the State may take in Indiana Code Section 35-38-4-2. *Id*. Subsection 5 of that statute provides that the State may appeal "[f]rom an order granting a motion to suppress evidence, if the ultimate effect of the order is to preclude further prosecution of one (1) or more counts of an information or indictment." Ind. Code § 35-38-4-2. Subsection 6 of the statute authorizes the State to appeal

> (6) [f]rom any interlocutory order if the trial court certifies and the court on appeal or a judge thereof finds on petition that:

> (A) the appellant will suffer substantial expense, damage, or injury if the order is erroneous and the determination thereof is withheld until after judgment;

> (B) the order involves a substantial question of law, the early determination of which will promote a more orderly disposition of the case; or

> (C) the remedy by appeal after judgment is otherwise inadequate.

*Id*.

[8] Unless the State asserts otherwise, we presume it appeals an order granting a motion to suppress because the ultimate effect of the order is to preclude further prosecution, per subsection 5 of Indiana Code Section 35-38-4-2. *See State v. Aynes,* 715 N.E.2d 945, 948 (Ind. Ct. App. 1999) ("[B]y initiating an appeal from a motion to suppress evidence, the State necessarily represents to the trial and appellate courts that it cannot prosecute the defendant without the suppressed evidence."). Since the State did not state a statutory basis for its appeal in this case, we correctly presumed in our initial decision that the State appealed pursuant to subsection 5. *Id*.

[9] If the State intended to appeal the suppression order under subsection 6, it was required to clearly state as much in its Notice of Appeal. Its failure to do so made its Notice of Appeal deficient. The State cites *State v. Peters*, 637 N.E.2d 145, 147 (Ind. Ct. App. 1994), in which we allowed the State to proceed with a discretionary interlocutory appeal when it cited in support only the appellate

rule and not the statute. However, *Peters* did not involve an appeal of a suppression order to which more than one subsection of the statute could be applicable. Where more than one subsection of the statute authorizing appeal may be applicable, the Notice of Appeal must state the specific subsection under which the State appeals.

[10] The State's Notice of Appeal also is deficient under Indiana Appellate Rule 14(B)—and subsection 6 of the statute, which tracks the language of Rule 14(B)—regarding discretionary appeals. When seeking permission to bring such an appeal,

> [i]t is not enough to merely parrot the language of the rule; rather, the motion should set forth in express terms one or two important questions of law and explain in detail why resolving these limited questions on appeal now could resolve the entire case. This is so because discretionary interlocutory appeals are narrow exceptions to the final judgment rule…. "The obvious purpose of the final judgment rule and the strict limitation of interlocutory appeals is to prevent the needless and costly delay in the trial of lawsuits which would result from limitless intermediate appeals." [*Thompson v. Thompson*, 259 Ind. 266, 269, 286 N.E.2d 657, 659 (1972).] … For this reason, neither the trial courts nor the appellate courts are inclined to grant discretionary interlocutory appeals because of the concern of piecemeal litigation. Thus the potential appeal must be a way to resolve all or most of a pending litigation.

24 George T. Patton, Jr., Indiana Practice, Appellate Procedure § 5.7 (3d ed. 2019); *see also, e.g.*, *Rausch v. Finney*, 829 N.E.2d 985, 986 (Ind. Ct. App. 2005) (denying request for discretionary interlocutory appeal where "the information

provided to the court by the parties does not make the showing required for discretionary interlocutory review under Appellate Rule 14(B)"), *trans. denied*.

[11] Here, the State did not state in express terms a "substantial question of law." Ind. Appellate Rule 14(B). It asserted that there are "critical factual differences between this case and the case of *State v. Ruiz*, 123 N.E.3d 675 (Ind. 2019), … rendering the trial court's reliance on *Ruiz* incorrect," Motion for Interlocutory Appeal at 3, but it did not specify any such factual difference, and it did not explain in any detail why resolving that issue would "promote a more orderly disposition of the case," Ind. Appellate Rule 14(B). While the State contended that a remedy by appeal of a final judgment of acquittal would be inadequate because, even if the State was successful on that appeal, the doctrine of double jeopardy would bar it from retrying Domingo Diego, that is true of any appeal of an acquittal. *See Beattie v. State*, 924 N.E.2d 643, 648 (Ind. 2010) ("Once a jury acquits a defendant on a criminal charge, the State's right to appeal is limited to questions of law, and even if successful in such an appeal, the State is barred from retrying the defendant on the charge."). The State also stated that the excluded incriminating statement was "powerful" and "important" in the context of a child molestation case to corroborate a child witness, but, again, that is true in any child molestation case. The State cited no reason why the excluded evidenced was uniquely important in this particular criminal case.

[12] Since the State's Notice of Appeal was deficient because it failed to cite a specific statutory basis for its appeal and failed to make the required showing for a discretionary interlocutory appeal under Ind. Appellate Rule 14(B) and

Indiana Code Section 35-38-4-2(6), the motions panel arguably erred when it granted the motion for interlocutory appeal. However, while "[i]t is well-established that we may reconsider a ruling by our motions panel," we are reluctant to overrule the motions panel except in rare circumstances. *Wise v. State*, 997 N.E.2d 411, 413 (Ind. Ct. App. 2013); *see also Estate of Mayer v. Lax, Inc.*, 998 N.E.2d 238, 245 (Ind.Ct.App.2013), *trans. denied*. We decline to do so here. However, we admonish the State in future criminal appeals to state the specific statutory basis for its appeal, including statutory subsections if applicable, and provide a detailed explanation of what makes the particular case at issue appropriate for a discretionary appeal, including any relevant facts.

[13] We grant the motion for rehearing in order to clarify that the State's appeal is a discretionary interlocutory appeal brought pursuant to subsection 6 of Indiana Code Section 35-38-4-2. We affirm our initial opinion in all other respects, and we remand to the trial court for further proceedings in conformity with this opinion.

Baker, Sr. J., concurs.

Vaidik, J., concurs in result with separate opinion.

State of Indiana,

*Appellant-Plaintiff,*

v.

Axel Domingo Diego,

*Appellee-Defendant.*

Court of Appeals Case No.
20A-CR-227

**Vaidik, Judge, concurring in result.**

I concur in the majority's decision to grant rehearing and remand for trial. I write separately to address Domingo Diego's argument that the State should not be allowed to appeal a suppression order under Indiana Code section 35-38-4-2(6). We have never explicitly addressed this issue, but the language of subsection (6) is clear: the State may appeal "any interlocutory order"— including a suppression order—if it can satisfy the requirements of Indiana Appellate Rule 14(B) (which are incorporated in subsection (6)). It does not say "any interlocutory order other than a suppression order." Therefore, if the State can satisfy the requirements of Appellate Rule 14(B), it can appeal a

suppression order under subsection (6). The State properly followed this procedure here.[1]

[15] Domingo Diego argues "all orders appealable under Subsection (5) would necessarily qualify for appeal under Subsection (6)" and therefore allowing the State to appeal suppression orders under subsection (6) would render subsection (5) "meaningless." Appellee's Opp. to Reh'g p. 7. There are two problems with this argument. First, subsection (5) gives the State an absolute right to appeal if it is willing to make a judicial admission that the suppression order precludes further prosecution. Subsection (6), on the other hand, only allows the State to appeal if it gets permission from both the trial court and the appellate court. Either court could deny that permission. As such, no suppression order would "necessarily qualify for appeal" under subsection (6). Only subsection (5) guarantees the State an appeal, so the provision retains independent significance.

[16] Second, Domingo Diego seems to assume that the State could use the subsection (6) procedure to avoid making a judicial admission that a suppression order precludes further prosecution. That is, Domingo Diego apparently believes that if the State represents in a motion under subsection (6)

---

[1] It is true that the State did not cite subsection (6) in either its motion to the trial court or its motion to this Court. However, both motions discussed the grounds for appeal set forth in subsection (6) and Appellate Rule 14(B). Moreover, the fact that the State requested permission to appeal at all was a clear indication it was proceeding under subsection (6), not subsection (5), since the State does not need court approval to appeal under subsection (5). That said, when the State decides to proceed under subsection (6), the better practice is to expressly invoke that provision in its motions to the trial court and the appellate court.

that the suppression order precludes further prosecution, that representation would not be a binding judicial admission, as it would be in an appeal under subsection (5). That belief is mistaken. Whether made in an appeal under subsection (5) or in a motion under subsection (6), a representation by the State that a suppression order precludes further prosecution would constitute a judicial admission. To be clear, I highly doubt the State will make such a representation in motions under subsection (6), given its right to appeal under subsection (5). But if the State does so, gets permission to appeal, and then loses the appeal, it will be bound by that representation, and the charges at issue will have to be dismissed, just as when it loses an appeal under subsection (5).

[17]    For these reasons, I concur in the result reached by the majority.